R. E. BRITTON AND ANOTHER v. ENTERPRISE COMPANY.[1]

December 16, 1927.

No. 26,363.

**Finding not required that plaintiff authorized agent to purchase an edger.**
    1. The evidence does not require a finding that the plaintiff authorized an agent to purchase an edger from the defendant or to give a mortgage on a planer as part security for the purchase price.

[1]Reported in 216 N. W. 801.

**Finding not required that plaintiff ratified the chattel mortgage.**

     2.  The evidence does not require a finding that plaintiff acquiesced in and ratified the giving of a mortgage on the planer as security for the purchase of the edger.

     Agency, 2 C. J. p. 480 n. 30; p. 481 n. 41; p. 962 n. 19; p. 965 n. 38; p. 970 n. 77; p. 971 n. 78.

Defendant appealed from a judgment of the district court for Waseca county, Senn, J. Affirmed.

*Lewis Severance,* for appellant.

*Gallagher, Madden & Gallagher,* for respondents.

DIBELL, J.

Action in replevin to recover a planer. There was a verdict and judgment for the plaintiff R. E. Britton. The defendant appeals from the judgment. L. H. Britton, to whom it was assigned, is made a party respondent on the appeal.

1. The plaintiff R. E. Britton, living near Duxbury in Pine county, was the owner of a second-hand sawmill. The planer was a part of it. The mill needed new parts before it could be operated successfully. He sent John Ludwig, a practical sawyer who advised with him, to Minneapolis to purchase parts. Ludwig suggested the purchase of an edger. He says Britton assented and authorized him to buy. Britton says he refused to get an edger at the time and did not authorize Ludwig to buy. Ludwig however purchased an edger, giving a conditional sale note, and further security by a chattel mortgage covering the edger and the planer. The note and the mortgage were signed by Ludwig, "R. E. Britton & Ludwig, John Ludwig." There was a foreclosure of the chattel mortgage. The defendant purchased at the sale and claims title to the planer through the foreclosure.

The evidence makes the question whether Britton gave Ludwig authority to purchase the edger, or to give a chattel mortgage on the planer as security, for the jury. The testimony is in direct conflict. There are circumstances favoring one and the other. The result reached by the jury, a finding in the negative, should stand.

2. The defendant claims that in any event Britton acquiesced in the purchase and ratified the act of Ludwig in mortgaging the planer.

That he ratified the purchase of the edger must be admitted. He took it and used it. He did not deny liability for its purchase price. He did not deny the right of the defendant to retake it. The planer is upon a different footing. The defendant had no right to it unless through the chattel mortgage. Britton claims that he did not know of the chattel mortgage until shortly prior to the foreclosure. We have but one side of the correspondence, that written by the defendant. Once it refers to the return of the edger, and again to the chattel mortgage on the edger. Once there is an offer to take the planer and give a credit of $200, and at the same time a suggestion of a new note on the planer and edger. The letters of the defendant mostly refer to the open account and the $265 note for the edger, and ask payment in part or in whole. The correspondence continued over several years.

The rule is that the principal must repudiate or ratify in whole. But the rule cannot be applied here so as to work a ratification of the mortgage so far as it included the planer if the plaintiff was without knowledge that it was included and was not charged with knowledge. It can not be held as a matter of law that he had actual knowledge or was charged with knowledge. The finding of the jury might well have been for the defendant, and better we think, both on the issue of authority and of ratification. It must be accepted as it is.

Judgment affirmed.